**Entered on Docket**
**July 14, 2014**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: July 11, 2014

_____
**THOMAS E. CARLSON U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | ) Case No. 13-31914 TEC |
| WESTERN ASBESTOS COMPANY, | ) Chapter 11 |
| Debtor. | ) |

**MEMORANDUM RE OBJECTION OF MICHAEL J. MANDELBROT TO TENTH ANNUAL REPORT**

On June 27, 2014, the court held a hearing regarding Trustees' Motion to Approve and Settle Tenth Annual Report and Accounting, Audited Financial Statements, and Claim Report (the Motion). Thomas E. Patterson appeared for Western Asbestos Settlement Trust (the Western Trust). Michael J. Mandelbrot, claiming to represent various beneficiaries of the Western Trust, appeared at the hearing and filed an opposition to the Motion (the Mandelbrot Objection). Michael McDermott, a beneficiary of the Western Trust, appeared and filed written opposition to the Motion (the McDermott Objection).

A.  The Mandelbrot Objection

The Mandelbrot Objection must be overruled, because legally

Mr. Mandelbrot is a stranger to the current proceeding with no standing to challenge the report.  Although Mandelbrot describes himself as counsel for beneficiaries of the Western Trust, the record shows that he has been ordered to cease all representation of beneficiaries of that trust.

Representatives of two other asbestos bankruptcy trusts filed an adversary proceeding against Mandelbrot in the United States Bankruptcy Court for the Central District of California seeking: (1) declaratory relief that Mandelbrot had engaged in a pattern and practice of submitting false claims to those trusts; and (2) recovery of damages resulting from that conduct.  <u>J.T. Thorpe Settlement Trust et al. v. Michael J. Mandelbrot et al. (In re J.T. Thorpe, Inc. and Thorpe Insulation Company)</u>, Case Nos. 12-ap-2182 and 12-ap-2183.  On the third day of the trial in that action, the parties reached a settlement that they read into the record.  Mandelbrot, who was represented by highly competent counsel at trial and in the negotiation of the settlement, agreed to the settlement on the record.  The terms of the settlement are embodied in an order of Judge Bluebond entered on April 4, 2014 (the Order).

Under the settlement, the plaintiffs in the adversary proceeding dropped their damage claims against Mandelbrot.  For his part, Mandelbrot agreed to cease representation of all clients before the Thorpe Trusts, the Plant Trust **and the Western Trust**.

The Order embodying the settlement agreement provides in relevant part:

> (3)  The Court has jurisdiction to approve, and hereby approves and finds valid and enforceable, the Agreement reached in open court on January 23, 2014.  As noted in the Court's order on the Thorpe Trusts' Motion to Enforce the Agreement, the Agreement contains all material terms

**MEMORANDUM RE OBJECTION OF MICHAEL**
**MANDELBROT TO TENTH ANNUAL REPORT**

-2-

of the agreement reached by the parties and affirmed by
Mr. Mandelbrot and his counsel on the record on that
date.

. . .

(6) Effective immediately, Mandelbrot shall file no new
claims with the J.T. Thorpe Trust, the Thorpe Insulation
Trust, **the Western Trust**, or the Plant Trust.

(7) Effective immediately, Mandelbrot shall cease all
activity with respect to claims ("Pending Claims") for
the J.T. Thorpe Trust, the Thorpe Insulation Trust, and
**the Western Trust** and shall transfer each Pending Claim
to an attorney who will take responsibility as if he or
she were the attorney that originally filed the Pending
Claim. Any document submitted to the any of these trusts
with respect to Pending Claims that bears Mandelbrot's
signature shall not be considered valid by the any of the
trusts. . . . Effective immediately, Mandelbrot shall not
receive any payments from any of these trust for any
reason.

(8) For all claims resolved prior to the date of this
Order for which Mandelbrot has represented claimants with
the J.T. Thorpe Trust, the Thorpe Insulation Trust, and
**the Western Trust**, those claims will also be transferred
to a new attorney and Mandelbrot shall not be counsel of
record nor serve as co-counsel of record with respect to
such claims. **For example, Mandelbrot shall have no
standing to challenge the fiduciary decisions or conduct
of those trusts, with respect to any rights of those
claimants to future payments for** the J.T. Thorpe Trust,
the Thorpe Insulation Trust and **the Western Trust**, such
as decisions whether or not to change the payment
percentage or funds received ratio.

. . .

(14) If Mandelbrot violates any of terms set forth
herein, . . . **the Western Trust** . . . shall have the
right to bring such violations to the attention of this
Court of [sic] their supervising bankruptcy courts.

Mr. Mandelbrot has filed a notice of appeal regarding the

Order, but he acknowledged at the June 27, 2014 hearing in this

court that the Order has not been reversed or stayed pending

appeal.

**MEMORANDUM RE OBJECTION OF MICHAEL
MANDELBROT TO TENTH ANNUAL REPORT**

-3-

I determine that under the Order: (1) Mandelbrot may not appear as a representative of Western Trust beneficiaries in the current proceeding; and (2) that this court should disregard any papers Mandelbrot purports to file in that capacity. I further determine that Mandelbrot's objection is asserted solely in his capacity as counsel for beneficiaries of the Western Trust, and that he does not articulate any other basis of standing to object to the Motion.

In its reply to the Mandelbrot Objection, the Western Trust sought to have this court strike the Mandelbrot Objection on the basis that it contained scandalous material. See Fed. R. Civ. Proc. 12(f). Counsel for the Western Trust withdrew that request at the hearing.

B.   The McDermott Objection

Michael McDermott, a beneficiary of the Western Trust, submitted a letter to the court in which he raised two complaints about the administration of the Trust: that current claimants should be paid more than 44 percent of their damages; and that the 25 percent cap on attorney fees is too high. These arguments are not valid objections to approval of the report. The payment percentage reflects the Trustees' determination of what funds must be retained to ensure that future claimants are paid on the same basis as present claimants. McDermott cites no facts to contradict the Trustees' determination that current claimants cannot be paid a higher percentage of their damages without creating undue risk that future claimants will not receive the same percentage of their damages. McDermott's dissatisfaction with the 25 percent cap on attorney's fees is also not a valid objection to the report.

**MEMORANDUM RE OBJECTION OF MICHAEL**
**MANDELBROT TO TENTH ANNUAL REPORT**

-4-

Attorney's fees are negotiated between claimants and their attorneys and are not set by the Trust. The 25 percent cap in no way prevents claimants from seeking representation on more favorable terms.

McDermott also attempted to adopt the Mandelbrot Objection as his own after the court ruled that Mandelbrot lacked standing. As a beneficiary of the Western Trust, McDermott has standing to object to the report. McDermott, who stated that he is an attorney, acknowledged at the hearing that he has no knowledge of the facts asserted in the Mandelbrot Objection. The Mandelbrot Objection is based on allegations of criminal behavior that are seriously called into question by Judge Bluebond's findings in the Thorpe adversary proceedings. In any event, it is not appropriate for McDermott to assert the Mandelbrot Objections without himself attesting that they have a basis in fact.

Accordingly, the McDermott Objection is overruled.

CONCLUSION

The Mandelbrot and McDermott Objections are overruled. No other objections to the Motion having been filed or raised orally at the hearing, the Motion is granted.

**\*\*END OF MEMORANDUM\*\***